## PLAINS BUILDERS, INC.

### v.

## PRIDE TRANSPORT COMPANY
**f/d/b/a Wardlaw Transport
Express, Inc., et al.**

### No. 5018.

Court of Civil Appeals of Texas,
Eastland.

July 21, 1977.

Mike M. Tabor, Dallas, for appellant.

Rutledge & Rutledge, Abilene, for appellees.

WALTER, Justice.

Plains Builders, Inc., filed suit against Pride Transport Company f/d/b/a Wardlaw Transport Express, Inc., on a non-negotiable promissory note in the principal amount of $10,000.00 dated June 28, 1974. In a nonjury trial, the court rendered a take nothing judgment and Plains has appealed.

Pride pleaded a general denial, denied the execution of the note under oath, partial payment, full payment and liquidation of whatever claim the plaintiff had by payment of Four Thousand Dollars.

Plains introduced a certificate from the Secretary of State showing (1) the incorporation of Wardlaw; (2) Stanley D. Wardlaw was the designated and registered agent for the corporation; and, (3) Stanley D. Wardlaw was one of the three incorporators of Wardlaw. It also shows the Wardlaw Corporation changed its name to Pride Transport Company on April 25, 1975, and its registered agent was changed to Wendell Mathis.

Robert A. Almond testified substantially as follows:

In June, 1974, I was employed by Plains Builders as marketing representative. I was present in Mr. Wardlaw's office when he prepared the note in controversy and observed Wardlaw sign the note. The note is signed "Stanley D. Wardlaw, President—Wardlaw Transport Express". After signing the note, Wardlaw delivered it to me and I signed "Accepted: Robert A. Almond, Plains Builders, Inc. June 28, 1974". I delivered the note to Ed Dorin, manager of Plains Builders' office in Dallas. Wardlaw was chief operating officer and president of Wardlaw Transport Express, Inc.

He was asked the following question and he gave the following answer:

"MR. TABOR: Q What was your understanding as to the ownership of Wardlaw Transport Express?

THE WITNESS: A My understanding of the ownership was the only one I knew. If there were others involved in ownership, I really don't know who they are. Mr. Wardlaw, as I stated, was the chief operating officer and major shareholder."

The note was then introduced in evidence over the defendant's objection.

Almond continued to testify substantially as follows on cross-examination:

I have never seen the stock records of Wardlaw. If I were asked to give the names of those owning stock in Wardlaw, I would say "No, I do not". Pride Transport owns the corporation today.

Alfred Koetting, president of Plains, testified substantially as follows:

I was in the office when Mr. Almond delivered the Wardlaw note in controversy. The note has been in our possession since that time and it has never been transferred and Plains owns the note. No payments have been made on the note.

Pride rested without introducing any evidence.

The court concluded as a matter of fact Stanley D. Wardlaw had no authority to sign the note in controversy on behalf of Pride Transport Company, formerly doing business as Wardlaw Transport Express, Inc., and as a matter of law Wardlaw had no authority to sign the note.

Wardlaw was chief operating officer, a major shareholder and president of the corporation. As chief operating officer of the corporation, Wardlaw occupied the position as general manager. The evidence conclusively established Wardlaw was an agent of the corporation.

In *Funderburg v. Southwestern Drug Corporation,* 210 S.W.2d 607 (Tex.Civ.App. - Fort Worth 1948, no writ), the court said:

"Where agency is proved (admitted in this case) without explanation or showing as to its extent, the agency will be presumed to be general and not special . . . ."

The presumption of general agency was not rebutted and we must consider Wardlaw a general agent for the corporation for all purposes involved in this lawsuit.

As general manager, Wardlaw had authority to execute the note and bind the corporation. *Sealy Oil Mill & Mfg. Co. v. Bishop Mfg. Co.,* 235 S.W. 850 (Tex.Com. App.1921, jdgmt. adopted).

The court admitted the note in evidence either under the theory of general agency or that Wardlaw was the general manager of the corporation. The evidence establishes as a matter of law Wardlaw's authority to sign the note for the corporation.

The judgment is reversed. The record reveals the evidence was not fully developed and in the interest of justice, the cause is remanded.